**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re: Varholy,<br><br>Movant, | Civil No. 3:23-mc-00004 (MEG)<br><br><br><br>June 28, 2023 |

**RULING RECOMMENDING DISMISSAL OF THE CASE**

This Court must determine, as an initial matter, if Movant's motion is appropriately brought as a miscellaneous action, and if not, whether to grant leave to file a complaint as a civil action. For the reasons set forth below, the Movant's request for relief cannot be obtained through a miscellaneous action.

The Movant, Daniel Joseph Varholy, commenced this action as a miscellaneous case, and paid the $49.00 filing fee. The District Clerks' Manual, published by the Administrative Office of the United States Courts, sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket. *See* https://jnet.ao.dcn/policy-guidance/district-clerks-manual/chapter-3-case-management (last visited June 28, 2023). The Manual states that at the time of filing the Clerk classifies civil matters "as either civil or miscellaneous cases depending on the nature of the relief sought in the initiating document. At a later point, a miscellaneous case may become a contested proceeding, and will then be assigned a civil case number for statistical purposes." *Id.* § 3.02.a.

The Manual provides that

> Miscellaneous numbers are assigned to a variety of matters filed with the court which are not properly considered civil or criminal cases. These matters, however, may be directly or indirectly related to civil or criminal cases pending within the district or another district. In general, miscellaneous actions are used for administrative matters that require resolution through the judicial system.

*Id.* § 4.03.a.1. "A miscellaneous number is assigned to ancillary and supplementary proceedings not defined as civil actions." *Id.* § 4.03 a.1.(i). The Manual identifies the limited fifteen matters for assignment of miscellaneous case numbers: foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties. *Id.* § 4.03.a.1.(ii)-(xvi).

The initiating document filed by Movant, "Notice to the Clerk" is a lengthy circuitous 186-page document [ECF No. 1] containing a "Declaratory Writ-Given as a Declaration in the Form of an Affidavit Giving Notice of Claim as Creditor to Proceeds from all Estates of which I am the True and Lawful Beneficiary" [ECF No. 1-1]; "Bill of Peace-As True Bill in the Form of an Affidavit" [ECF No. 1-2]; "Testimony in the Form of an Affidavit Notification and Declaration of Fact on the True and Correct Reckoning of Time and the Recording of Notices" [ECF No. 1-3]; and "Testimony in the Form of an Affidavit Declaration of a Living Man with a Living Soul" [ECF No. 1-4].[1]

---

[1] On June 9, 2023, Movant filed a 151 page "Bill of Peace-Notice of Claim" ECF No. 3; Declaratory Writ-made as a declaration of truth in the form of an affidavit on the rights of a living man to seek: a common law mandamus & remedy quo warranto" ECF No. 3-1; "Notice of Judgement and Opportunity to Cure-Declaration of Truth and Proclamation Given in the Form of an Affidavit" ECF No. 3-2; "Notice of Public Record-Declaratory Writ-Declaration of Truth Given in the Form of an Affidavit on the Restoration and Perfection of Equity" ECF No. 3-3; "Past Due First Notice Second Administrative Demand & True Bill" ECF NO. 3-4; "Notice of Public

Movant's Notice is not a proper miscellaneous action.  *See Rytlewski v. Gov't of United States*, No. 20-CV-8543 (LLS), 2020 WL 6586373 (S.D.N.Y. Nov. 9, 2020), appeal dismissed (Feb. 9, 2021) (no miscellaneous action where petition was not related to any pending case or proceeding, and did not fall within the list of ancillary administrative matters that qualify under the District Clerks' Manual as miscellaneous cases).  He has not shown nor does the record reflect that this is an ancillary proceeding that is directly or indirectly related to an ongoing federal civil or criminal case.  There is nothing in the initial filing that meets the definition of a miscellaneous action.  Moreover, it is unclear from Mr. Varholy's "Notice to the Clerk" [ECF No. 1] what relief he seeks in this case.  The Notice names no defendants or causes of action.  As such, the Court has no authority to review the matter and/or grant or deny the relief requested in its current form.

Under Federal Rule 8 of Civil Procedure, in initiating an action, a litigant must file a "pleading that states a claim for relief," one which contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "The point of Rule 8 is to relieve the Court and defendants alike of the 'unjustified burden' of having to select the relevant material from a mass of verbiage."  *Duran-Colon v. Lindelof*, No. 3:21-CV-1489 (JAM), 2022 WL 2104514, at *3 (D. Conn. June 10, 2022) (quoting *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017)).  Here, there are no defendants named in the action, no designated causes of action, or claims for relief and no "short and plain statement of the grounds for the court's jurisdiction."  *See* Fed. R. Civ. P. 8(a)(1-3).

By filing his "Notice to Clerk", Movant has demonstrated a wish to assert some right or seek a form of assistance from the Court.  However, he has set forth no cognizable legal grounds

---

Record Claim of Damages/Transgression Fee Schedule" ECF No. 3-5; and "Notice to Clerk" ECF No. 3-6.

for relief.  Under these circumstances, the action is indecipherable and consequently subject to dismissal.  *See, e.g., Mendes Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (affirming *sua sponte* Rule 8 dismissal of "convoluted" 50-page complaint with only "some factual allegations" and hundreds of pages of exhibits); *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (affirming district court's Rule 8 dismissal of "ill structured and largely indecipherable" complaint).  *See also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (recognizing dismissal for violation of Rule 8 in cases in which the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"); *Carilli v. Semple*, No. 3:19-CV-01922 (JAM), 2020 WL 2097741, at *3 (D. Conn. May 1, 2020) (dismissing complaint for, *inter alia*, failure to comply with Rule 8 and noting that "[n]otwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard").

Construing this *pro se* Movant's submission liberally, as Second Circuit authority requires, he could have grounds to file a civil complaint in a civil action if provided opportunity to amend. *See, e.g., Shomo v. State of New York,* 374 F. App'x 180, 183 (2d Cir.2010) (courts are obligated to construe *pro se* pleadings liberally and to read them with "special solicitude," interpreting them to raise the strongest claims that they suggest).  However, his initial filing, "Notice to Clerk" in a miscellaneous action is not the appropriate vehicle to obtain the relief he is seeking, because it is not connected to any pending federal proceeding or proceeding.

## I.    CONCLUSION

Accordingly, for the reasons set forth above, the Court respectfully recommends that:

(1) this miscellaneous action be DISMISSED, without prejudice to Movant filing a proper

civil action supported by a complaint.  *See Ambrose v. U.S. Dept. of Justice*, No. 5:14-

MC-0005 (GTS/ATB), 2014 WL 3644430, at *2 (N.D.N.Y. July 22, 2014) (dismissing miscellaneous action without prejudice to file a "proper civil action supported by a complaint"). His complaint should comply with Rule 8 of the Federal Rules of Civil Procedure and include a statement of the facts that specifies his claims and identifies the defendant(s). Any complaint must comply with the Federal and Local Rules of Civil Procedure, which are available on the Court's website, https://ctd.uscourts.gov. The complaint must be captioned "Complaint" and will completely supersede the current filing;

(2) the Clerk of the Court is directed to refund the $49.00 submitted upon the filing of the civil action; and

(3) upon filing the Complaint, Movant shall pay the $402.00 filing fee, or file an *in forma pauperis* application documenting his financial inability to pay the fee.[2]

(4) Movant is encouraged to review the District of Connecticut's Guide for *Pro Se* Litigants, which is available on the Court's website, https://ctd.uscourts.gov, for information concerning litigating a case as a self-represented party, and to contact the New Haven Legal Assistance Association's Federal *Pro Se* Legal Assistance program, which may be able to provide advice in this matter, through its website, https://nhlegal.org/federalprose.

This is a recommended ruling. *See* Fed. R. Civ. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days after filing of such order. *See* D. Conn. L. Civ. R. 72.2(a). Any party receiving notice or an order or

---

[2]     An IFP Application is an Application to Proceed without Prepayment of Fees & Affidavit–Form AO 240, which is available on the Court's website, https://ctd.uscourts.gov.

recommended ruling from the Clerk by mail shall have five (5) additional days to file any objection. *See* D. Conn. L. Civ. R. 72.2(a). Failure to file a timely objection will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Rules 6(a) & 72 of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2; *Impala v. United States Dept. of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order) (failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); *Small v. Sec'y of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (per curiam).

*/s/ Maria E. Garcia, U.S.M.J.*
Hon. Maria E. Garcia
United States Magistrate Judge